# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIE B. WHITE, JR.,               ) | |
|                                     ) | |
|     Plaintiff,  ) | |
|                                     ) | |
| v.                                  ) | Case No. 4:23-CV-00742 SPM |
|                                     ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., ) | |
|                                     ) | |
|     Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of the amended complaint filed by self-represented plaintiff Willie B. White, Jr. [ECF No. 6]. For the reasons discussed below, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

On June 6, 2023, plaintiff filed the instant action on a Court-provided Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff filed this action against the St. Louis City Justice Center and Unnamed Correctional Officers. Plaintiff failed to allege the capacity under which he was suing the Unnamed Correctional Officers.

In plaintiff's "Statement of Claim," he asserted that he was subjected to "inhumane conditions" at St. Louis City Justice Center between May 19, 2023, and May 30, 2023. He alleged that unnamed Correctional Officers failed to provide him with cleaning supplies to "help [his] situation." He was purportedly housed in the Infirmary at the St. Louis City Justice Center during this time, in a nine-man cell, however, he claims that thirteen people were placed in the cell. Plaintiff claimed that he had to sleep on the floor which contained "urine, vomit, and feces."

However, he stated that besides being sore from sleeping on the floor, the only injuries he suffered during his time at the Justice Center were to his pride.

On June 12, 2023, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal. [ECF No. 5]. The Court explained that an official capacity claim against an individual is actually against the governmental entity itself. Because a jail is not subject to suit under § 1983 and plaintiff did not allege St. Louis City had an unconstitutional policy or custom, his official capacity claims failed.

In consideration of plaintiff's self-represented status, the Court directed him to submit an amended complaint to cure his pleading deficiencies. The Court provided detailed instructions on how to format his complaint, including how to properly allege claims against individual defendants, if he wished to do so.

**Amended Complaint**

On April 17, 2023, plaintiff filed his amended complaint. [ECF No. 6]. Plaintiff brings his claims against the St. Louis City Justice Center.

Plaintiff's "Statement of Claim" is substantially similar to his original complaint. He once again asserts that he was subjected to "inhumane conditions" at St. Louis City Justice Center between May 19, 2023, and May 30, 2023. He asserts that unnamed Correctional Officers failed to provide him with cleaning supplies to "help [his] situation." He was purportedly housed in the Infirmary at the Justice Center during this time, in a nine-man cell, however, he claims that thirteen people were placed in the cell. Plaintiff alleges that he had to sleep on the floor which contained "urine, vomit, and feces." He claims that he was sore from being made to sleep on the floor.

Plaintiff describes his injuries as "being traumatized by the experience." For relief, he seeks damages in an amount of $500,000.

**Discussion**

The Court has carefully reviewed plaintiff's amended complaint and has determined it fails to state a claim. As such, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff does not identify the person or persons allegedly responsible for violating his federally-protected rights, and instead seeks to proceed against the St. Louis City Justice Center. However, the St. Louis City Justice Center is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (1992). Therefore, plaintiff's claims against the St. Louis City Justice Center fail as a matter of law. *See id.; see also Ballard v. Missouri*, Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the St. Louis City Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"). Additionally, the complaint does not state a claim of municipal liability because it fails to allege a direct causal link between a municipal policy or custom and the alleged constitutional violations. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978) (describing a municipal liability claim).

Even if the Court were to examine plaintiff's claims as if he brought them against a named defendant in his or her individual capacity, his claims would still fail to state a claim for relief. In this case, plaintiff claims that he was made to sleep in the Infirmary on the floor for approximately eleven (11) days. He does not indicate if he was sleeping on simply a mattress or if he was given a "sleeping boat" which is often given to inmates. He also fails to allege how long he was purportedly exposed to the condition of "urine, vomit and feces" in the cell, and how and why these conditions allegedly existed. Plaintiff additionally fails to plead whether he told specific

4

individuals at the Justice Center about the purportedly poor conditions, when he told someone, and what he was told regarding the poor conditions.

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). To that end, there are two ways to determine whether conditions rise to the level of punishment. *Stearns v. Inmate Services Corp.,* 957 F.3d 902, 907 (8th Cir. 2020). First, a plaintiff can show that his or her conditions of confinement were intentionally punitive. *Id.* Second, in lieu of an "expressly demonstrated intent to punish," a plaintiff can "also show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose." *Id.* If conditions are arbitrary or excessive, it can be inferred that the purpose of the governmental action is punishment that may not be constitutionally inflicted upon pretrial detainees. *Id.* "However, not every disability imposed during pretrial detention amounts to punishment in the constitutional sense." *See, e.g., Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir. 1996) (finding no Eighth Amendment or due process violation where pretrial detainee was subjected to overflowed toilet in his cell for four days); *White v. Nix*, 7 F.3d 120, 121 (8th Cir. 1993) (finding no Eighth Amendment violation where prisoner was confined to allegedly unsanitary cell for eleven (11) days; *Blackwell v. Selig*, 26 F. App'x 591, 593 (8th Cir. 2001) ("Blackwell's sleeping on the floor on a four-inch thick mattress for five nights did not amount to an unconstitutional condition of confinement, particularly when Blackwell failed to show defendants knew he suffered pain whenever he raised his mattress to allow his cell door to be opened"). Given the relevant caselaw, the Court finds that plaintiff cannot

show that he was subjected to unconstitutional conditions of confinement in May 2023 at the City Justice Center.

Furthermore, plaintiff's claim regarding the lack of cleaning supplies available from the Jail is inadequate as plead. Prisoners and detainees are entitled to the basic necessities of human life and to humane treatment. *Goff v. Menke*, 672 F.2d 702, 705 (8th Cir. 1982). *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985); *Scott v. Carpenter*, 24 F. App'x 645, 647 (8th Cir. 2001). Here, however, plaintiff does not identify what kind of cleaning products he sought from unnamed persons at the Jail. He states only that unnamed Correctional Officers failed to provide him with cleaning supplies to "help [his] situation." He does not identify specific items that were in short supply, or of which he was deprived. *See Sumlin v. Chambers*, 2023 WL 2524942, at *5 (E.D. Mo. Mar. 15, 2023) (plaintiff's failure to describe the deprivation prevents the Court from the ability to determine whether a constitutional violation has occurred). A Fourteenth Amendment violation requires the long-term and repeated deprivation of the minimal civilized measure of life's necessities. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Because plaintiff does not allege any facts to support such a deprivation, such as what specific items he was denied, when and for how long, the amended complaint fails to state a conditions of confinement claim.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because it fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of July, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE